IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RHONDA MARSHALL and R. MARSHALL,
INC., a New Mexico corporation,

        Plaintiffs,

vs.                              No. CIV 96-0088 JP/WWD

CALVIN B. WARD,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      The subject of this Memorandum Opinion and Order is plaintiffs' "Motion for Reconsideration and Reopening Discovery for a Limited Purpose," (Doc. No. 150) filed January 22, 1998. After thoroughly considering the law and the facts, I conclude that the motion should be denied.

Background

      On November 13, 1997, I entered an Order which, among other things, precluded plaintiffs' proffered expert, Michael Andrews, from testifying on the issue of damages or market share. I concluded that

> Mr. Andrews should not be permitted to offer any testimony relating to damages or his opinion concerning plaintiffs' potential share of a market in which her claimed invention, if ever produced, might be sold. In his deposition, Mr. Andrews stated that his conclusion that plaintiffs could garner 80-90% of that ill-defined market was simply a guess. See Mr. Andrews' Deposition of 8/5/97 at p. 95 lines 2-9, p. 115 lines 11-14. Any conclusion as to the dollar amount associated with that market share must also be a guess. Mere conjecture or surmise will not assist the jury and should be excluded. See Sanchez v. KPMG Peat Marwick, No. CIV 93-0406 JP/LFG, 1996 WL 104259 (D.N.M. Jan. 5, 1996); In re Aluminum Phosphide Antitrust Litig., 893 F.Supp. 1497, 1506 (D.Kan. 1995).

November 13, 1997 Order.

      Now, plaintiffs seek to reopen discovery for the limited purpose of submitting Mr. Andrews' Second Supplemental Expert Report and allowing him to testify on the issues of damages and market

share at trial.  Plaintiffs argue that such result is consonant with the factors set forth in <u>Smith v. United States</u>, 834 F.2d 166, 169 (10th Cir. 1987).

In <u>Smith</u>, the United States Court of Appeals for the Tenth Circuit affirmed a district court's decision not to reopen discovery, noting that whether to reopen discovery is within the sound discretion of the district court.  <u>Smith</u>, 834 F.2d at 169.  The Court also identified six relevant factors to be considered in reaching such a decision.  Those factors are:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

<u>Smith</u>, 834 F.2d at 169.

The <u>Smith</u> factors are not easily applied to this case because plaintiffs are not seeking to obtain additional discovery from the defendant but are trying to reopen discovery for the purpose of obtaining an Order allowing their expert to testify on damages and market share issues.  Nevertheless, the <u>Smith</u> factors do not favor plaintiffs:

(1) <u>Trial is imminent</u>.  The case is currently set for trial on a trailing calendar beginning March 10, 1998;

(2) <u>Plaintiffs' motion is opposed</u>;

(3) <u>Prejudice to defendant</u>.  The granting of the motion, so close to trial and after this case has been pending for more than two years, would prejudice the defendant who is fully prepared to go to trial on the scheduled date;

(4) <u>Lack of diligence</u>.  Plaintiffs do not appear to have been diligent in obtaining/producing Mr. Andrews' latest report within the deadlines established by the court (the deadline for producing

plaintiffs' expert witness reports was extended to April 9, 1997, over 10 months ago);

(5) <u>Foreseeability of the need for additional discovery</u>.  There can be no question that the need for Mr. Andrews' testimony on plaintiffs' damages claims was highly foreseeable throughout this case.  Furthermore, plaintiffs recognize that even more discovery, in the nature of an additional deposition of Mr. Andrews, would be necessitated by allowing plaintiffs to submit Mr. Andrews' latest report under Rule 26(a)(2)(B) and have Mr. Andrews testify about its contents; and

(6) <u>Likelihood that discovery would lead to relevant evidence</u>.  The only factor that may lean in plaintiffs' favor is that discovery regarding Mr. Andrews' second supplemental report may lead to relevant evidence.

In November, 1997 I entered an Order limiting Mr. Andrews' testimony because his proposed testimony relating to market share and damages was a merely a guess.  At this late date, shortly before trial, I will not permit plaintiffs to blindside the defendant with new versions of Mr. Andrews' testimony concerning damages and market share.

IT IS THEREFORE ORDERED that plaintiffs' "Motion for Reconsideration and Reopening Discovery for a Limited Purpose" is DENIED.

*/s/ James A. Parker*
UNITED STATES DISTRICT JUDGE