# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
————————————————————————

RHONDA MARSHALL and R. MARSHALL,
INC., a New Mexico corporation,

        Plaintiffs,

vs.                                      No. CIV 96-0088 JP/WWD

CALVIN B. WARD,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On June 16, 1998 Plaintiffs filed their objections to Chief Magistrate Judge William Deaton's Supplemental Order, which he filed on June 2, 1998. In that Supplemental Order, Judge Deaton ordered the Plaintiffs to pay Defendant $17,339.33 as reimbursement for costs incurred by the Defendant in complying with Plaintiffs' discovery requests. After reviewing all the briefs and exhibits submitted by Plaintiffs and Defendant throughout this discovery dispute, I conclude that Plaintiffs objections should be denied.

I concur with Judge Deaton's assessment that the conduct of all parties during the discovery phase of this case resulted in "a painfully expensive situation in which each side should bear some of the pain." (Doc. No. 166 at 7). In addition, I agree with Judge Deaton that Defendant should bear more of the responsibility for the cost of discovery than the Plaintiffs, and I conclude that his determination that Plaintiffs should pay $17,339.33 is not only supported by the record, but is also fair and equitable.

The only question that remains is whether Judge Deaton was authorized to sanction the

Plaintiffs under the Federal Rules of Civil Procedure.   In his Supplemental Order, Judge Deaton

cited Rule 26(g)(2)(C) and stated that his earlier reference to Rule 37 "was an acknowledgment

that a more spirited, rather than technical, compliance to the good faith conferral requirement may

well have averted" the expensive, burdensome discovery process in which the parties became

ensnared.  In their objections to the Supplemental Order, Plaintiffs argue that the sanctions

imposed by Judge Deaton under Rule 26 are both clearly erroneous and contrary to law because

Rule 26(g)(2)(C) merely requires a party or its attorney to certify, at the time of signature, that a

discovery request is not unreasonable or unduly burdensome or expensive.  Plaintiffs argue that

the Supplemental Order should be reversed because Judge Deaton imposed sanctions under Rule

26(g)(2)(C) without making a finding that Plaintiffs or their counsel made an improper

certification, via signature, of any discovery request.

Clarification can be found in the Advisory Committee Notes to the 1993 Amendments to

Rule 26(g), which state that "[t]he provisions of [Rules 26(g)] have been modified to be

consistent with Rules 37(a)(4) and 37(c)(1); in combination, these rules establish sanctions for

violation of the rules regarding disclosures and discovery matters."  Rule 37(a)(4), in turn, gives a

court authority to sanction a party that moves to compel discovery without fulfilling its obligation

to confer with the other party as required by Rule 37(a)(2).  Under Rule 37(a)(2), the moving

party must certify that such a good faith conferral was made.  However, Judge Deaton found that,

with respect to discovery requests Nos. 62, 64, 65, and 66,  "Plaintiffs proceeded to file a motion

to compel on September 4, 1997 without ever further clarifying or narrowing the subject matter

of these particular [discovery] requests . . ." Doc. No. 166 at 4.  Judge Deaton also found that

Plaintiffs first narrowed those requests only after he met with counsel on October 15, 1997 and directed them to resolve the issue of the privilege log among themselves. Id. at 5. Judge Deaton finally concludes that "Plaintiffs failed to make any reasonable attempt to avoid unduly burdensome or unreasonably expensive discovery in connection with requests Nos. 62 and 64 through 66." Id. at 5. In short, Judge Deaton has made ample factual findings to support sanctions against the Plaintiffs under Rule 37 for failure to confer with the opposing party. The fact that Judge Deaton cited Rule 26 instead of Rule 37 does not alter the correctness of his decision to sanction Plaintiffs.

I also note that, despite Plaintiffs' protests to the contrary, sanctions under Rule 26 may have been appropriate. As Judge Deaton explained in his Supplemental Order, Plaintiffs filed a motion to compel on September 4, 1997 after they were informed by Defendant's counsel that there were no responsive documents to requests Nos. 64, 65, and 66 and that No. 62 involved a burdensome amount of material. Id. at 4. Plaintiffs filed their motion to compel "without ever further clarifying or narrowing the subject matter of these particular requests." Id. Hence, Plaintiffs violated Rule 26(g), which mandates that every discovery request be signed by an attorney or party thereby certifying that "to the best of the signer's knowledge, information, and belief, *formed after a reasonable inquiry*, the request ... is not unreasonable or unduly burdensome." FED. R. CIV. P. 26(g)(2)(C). Judge Deaton's factual findings show that Plaintiffs failed to make a reasonable inquiry regarding requests Nos. 62, 64, 65, and 66 after Defendant informed them that either no documents existed or that the request was burdensome. Plaintiffs did not attempt to narrow the requests or to ensure that the requests met the requirements of Rule 26. Hence, the sanction was appropriate under Rule 26(g)(2)(C).

IT IS THEREFORE ORDERED that Plaintiffs' "Objections to Supplemental Order" (Doc. No. 167) is DENIED.

_James A. Parker_
**UNITED STATES DISTRICT JUDGE**